JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur with the majority’s conclusion that this case should be reversed and remanded to the trial court for the imposition of a statutory penalty pursuant to Section 39-71-2907, MCA (1978). I also concur with the majority’s conclusion that the attorney fee award should be reversed and that this case should be remanded for further consideration of an appropriate attorney fee award with proper consideration given to the factors articulated in Wight v. Hughes Livestock Co., Inc. (1983), 204 Mont. 98, 664 P.2d 303.
However, I conclude that the trial court should have awarded fees at the only rate which was in evidence, or listed specific factors from the Wight test which were supported by evidence. On remand I would direct that it do so.
I specifically dissent from that part of the majority opinion which holds that:
The court is also not required to lay aside its general knowledge, experience and ideas of such service and the value thereof, and it can apply such knowledge, experience and ideas in weighing the attorney’s opinion and determining reasonable fees.
This part of the majority opinion gives the trier of fact authority to base his decision on his own experience rather than the evidence. This process is the antithesis of our adversary system and gives trial judges carte blanche authority to impose their own arbitrary opinions on litigants rather than binding them to decisions in conformity with the evidence presented. This result is contrary to every notion of fairness that this Court has attempted to impose over the years it has existed to review appeals.
Because of this decision, no litigant in the Workers’ Compensation Court in the future will be able to predict the outcome of any case with certainty based on the evidence that was presented. Not only is this an unfortunate result for litigants, it will present an impossible standard of review. Instead of considering whether there was substantial evidence to support the trial court’s findings of fact regarding the reasonableness of attorney fees, the new standard of review will have to be whether each of the Supreme Court Justices, as individuals, shares the same “knowledge, experience and ideas” as the *295 finder of fact. Otherwise, it is going to be difficult to agree with that person’s findings and conclusions.
For these reasons, I concur in part and dissent in part from the majority opinion.
JUSTICE HUNT joined in the dissent of JUSTICE TRIEWEILER.